## MAYOR AND ALDERMEN OF VICKSBURG VS. JOHN RAINWATER.

1. POLICE FORCE: *Employment thereof. City charter. Construction thereof. Case in judgment.*
   By the amended charter of the city of Vicksburg the board of mayor and aldermen may provide, by ordinance, for a competent police force, who shall be under the superintendence of the city marshal. "They shall be appointed by the mayor, by and with the advice and consent of the said board." R. was appointed and confirmed as a policeman; no term of employment was specified; he served one month, and the city marshal assumed to discharge him. He continued to offer his services for and during the next three months, when the board met and ratified the act of the marshal. *Held*, that if the policemen are to be regarded as city office holders the marshal cannot remove them. If they are to be regarded as mere employés, working under a contract, there is no power in that officer to annul a contract made for the city by its chief executive, with the advice and consent of its legislative assembly; that the provision of the charter, that the police force should be "under the superintendence of the marshal," merely constitutes him their overseer, with no power to deprive the city of their services.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

The facts of the case will be found in the opinion of the court.

Errors were assigned as follows:

1. The court erred in overruling the demurrer of defendant to plaintiff's amended declaration.

2. In rendering the final judgment for defendant in error.

3. In overruling the defendant's motion for a new trial.

*W. W. Cowen* and *R. S. Buck*, for plaintiff in error :

1. The demurrer to the amended declaration should have been sustained. It appears from the averments that the mayor and aldermen contracted for the services of Rainwater until he was duly and legally removed by them. He was paid for one month ; then he was removed by Hall, the city marshal, by the concurrence and approval of the board, or rather by them through the agency of the marshal. This action of the board was clearly within the terms of the contract, as set forth in the amended declaration, and afforded no ground of action against the city. See City Charter (Acts 1870, pp. 344–364).

2. The judgment of the court is not supported by the facts of the case. The state of facts are agreed to, and are in writing. The mayor shall nominate the police force to the board for confirmation. When so organized the force were under the " superintendence " of the city marshal. If there was any right of action the judgment is excessive. Hunt *v.* Crane, 33 Miss., 669 ; Freidlander *v.* Pugh, 43 Miss., 111.

*Catchings & Ingersoll*, for defendant in error :

There are but two questions arising in the case :

1. Did the city marshal have power to discharge him ?

2. If not, did the approval of the mayor and aldermen relate back so as to make his discharge date from May 1, 1871, when the city marshal acted in the matter ?

As to the 1st question there can be no difficulty. The mayor was to nominate and the board of aldermen to confirm. There was no tenure fixed, nor mode prescribed for their removal, and it would seem that the board alone possesses the power. The power of appointment, in the absence of any statutory provision, carries with it the power of removal. The marshal's duty, as superintendent of the police force, carried with it no power to remove or discharge. No such power can be inferred from that fact. He might suspend a member of the force for misconduct, but the board alone can remove. 2d. If correct in this, the act of the board, on August 7, 1871, could not relate back, because the action of the city

marshal was void. Rainwater had the right to ignore action of the marshal. He was always ready to perform his part of the contract. He was prevented by the arbitrary action of the marshal.

CHALMERS, J., delivered the opinion of the court.

Appellee was appointed by the mayor, and confirmed by the board of aldermen, of Vicksburg one of the policemen of said city, at a salary of $100 per month. There was no term of employment or appointment specified. At the end of one month the city marshal discharged, or assumed to discharge, him.

Being advised by the mayor that the marshal had no authority to discharge him, appellee continued to offer his services as policeman during three months longer, at the end of which period the board of mayor and aldermen ratified the act of the marshal.

Appellee having received payment only for the month which he actually served, instituted suit for the balance of the time which he continued to offer his services, to wit, up to the time when the board of mayor and aldermen approved the act of the marshal, the same being three months and seven days. By the written agreement of counsel it was conceded that, if appellee was entitled to receive anything, he was entitled to $323.53, and for this amount he had judgment.

By the amended charter of the city of Vicksburg it is provided that " the board of aldermen may provide by ordinance for a competent police force for said city, who shall be under the superintendence of the city marshal. They should be appointed by the mayor, by and with the advice and counsel of said board." Nothing is said about their removal. Acts of 1870, p. 364.

If the policemen are to be regarded as city office holders it is manifest that the marshal cannot remove them. If they are to be regarded as mere employés, working under a contract, it seems equally clear that there is no power in that

officer to put an end to a contract made for the city by its chief executive, with the advice and consent of its legislative assembly. The police force are "under the superintendence of the marshal," but this merely constitutes him their overseer, with no power to deprive the city of their services. In the absence of any law or ordinance on the subject, their contract can only be terminated by the same power that made them.

We are asked to review the case because appellee had judgment for the full amount of his salary, without deduction of any amount that he realized, or might have realized, by other employment during the time he was tendering, and the marshal was refusing to accept, his services.

The judgment was for the amount that the city attorney agreed that it should be if appellee was entitled to maintain his action. If the city has been damnified thereby, it is through the fault of her attorney, and not by any error in the verdict or judgment.

Judgment affirmed.